UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **ETHAN DROUNETTE ET AL** | **CASE NO. 2:21-CV-03853** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **A S I LLOYDS** | **MAGISTRATE JUDGE KAY** |

**MEMORANDUM RULING**

Before the court is a Motion for Partial Summary Judgment [doc. 16] filed by defendant Progressive Property Insurance Company ("Progressive") and seeking dismissal of plaintiffs' bad faith claims. Plaintiffs oppose the motion. Doc. 22.

**I.**
**BACKGROUND**

This case arises from damage to plaintiffs' home in Hurricane Laura, which made landfall in Southwest Louisiana on August 27, 2020. At that time the property was insured under a policy issued by Progressive. Plaintiffs allege that Progressive failed to timely or adequately compensate them for their covered losses. They filed suit in this court on November 3, 2021, raising claims of breach of insurance contract and bad faith. Doc. 1. The matter is set for jury trial before the undersigned on September 5, 2023. Doc. 13. Progressive now brings this motion for partial summary judgment on plaintiffs' bad faith claims, asserting that a reasonable and legitimate dispute exists as to whether any further sums are owed under the policy. Doc. 16. Plaintiffs oppose the motion. Doc. 22.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## III.
## LAW & APPLICATION

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). Louisiana law provides that an insurance policy is a contract and that its provisions are construed using the general rules of contract interpretation in the Louisiana Civil Code. *Hanover Ins. Co. v. Superior Labor Svcs., Inc.*, 179 F.Supp.3d 656, 675 (E.D. La. 2016). The words of the policy are given their generally prevailing meaning and "interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole." *Coleman v. Sch. Bd. of Richland Par.*, 418 F.3d 511, 516–17 (5th Cir. 2005) (citing La. Civ. Code arts. 2047, 2050). Ambiguities in the policy must be construed against the insurer and in favor of coverage. *Id.* The court resolves an ambiguity by asking "how a reasonable insurance policy purchaser would construe the clause at the time the insurance contract was entered." *Id.*

Louisiana Revised Statute § 22:1892 makes an insurer liable for penalties and attorney fees in certain circumstances based on its bad faith handling of a claim. To prevail under this statute, the insured must show that (1) the insurer received satisfactory proof of loss; (2) the insurer failed to tender payment within 30 days of receiving this proof; and (3) the insurer's failure to pay is "arbitrary, capricious, or without probable cause." *Guillory v. Lee*, 16 So.3d 1104, 1126 (La. 2009). Similarly, Louisiana Revised Statute § 22:1973(B)(5) provides for an award of penalties when an insurer fails to pay within 60 days and that failure is "arbitrary, capricious, or without probable cause."

Under Louisiana law, "satisfactory proof of loss" means "only that which is sufficient to fully apprise the insurer of the insured's claims." *La. Bag Co., Inc. v. Audubon Indem. Co.*, 999 So.2d 1104, 1119 (La. 2008) (internal quotations omitted). "Louisiana decisions demonstrate that 'proof of loss' is a flexible requirement. An insurer of course must receive some kind of notice of a claim before it can act. So long as it receives enough information, the manner in which it obtains the information is immaterial." *Austin v. Parker,* 672 F.2d 508, 520 (5th Cir. 1982) (internal quotations omitted).

Progressive shows that it retained Alacrity to adjust the claim. That firm found a total (replacement cost value) of $821.03 in damage to the dwelling, $10,940.34 to other structures, and $528.88 to personal property. Doc. 16, att. 4, pp. 90–97. Progressive issued payment based on those reports within the statutory deadlines. *Id.* at 229–31. It also issued payment within 30 days of plaintiffs' submission of documents supporting supplemental payments for replacement of the fence. *Id.* at 232–34. In August 2021, however, plaintiffs obtained their own estimate from Charles Norman and Jason Walker, who fixed the damage to the dwelling at $250,503.10 RCV. Doc. 22, att. 6. Plaintiffs provided a copy of the estimate, along with Norman's engineering report, to Progressive on November 3, 2021. Doc. 22, atts. 7 & 8. Since that time plaintiffs have also provided Progressive with a contractor's bid for repairs to the home and estimates for replacement of the windows. Doc. 22, atts. 10, 11, 13, 14. There is no showing that Progressive has made any supplemental payments based on these submissions.

Satisfactory proof of loss can be established through the insurer's inspection of the site through its own adjuster. *JRA Inc. v. Essex Ins. Co.*, 72 So.3d 862, 881 (La. Ct. App.

4th Cir. 2011). Whether and when the insurer received "satisfactory proof of loss" sufficient to trigger its payment obligations is a question of fact. *Lamar Adv. Co. v. Zurich Am. Ins. Co.*, 2021 WL 1113451, at *9 (M.D. La. Mar. 22, 2021) (citing 15 William Shelby McKenzie & H. Alston Johnson, III, La. Civ. L. Treatise: Insurance Law and Practice § 11:5 (4th ed. 2020)). An insurer may also violate Louisiana's bad faith statutes when it fails to adequately inspect the insured property before denying a claim. *See Jacobs v. GEICO Indem. Co.*, 256 So.3d 449, 457 (La. Ct. App. 2d Cir. 2018) (upholding bad faith verdict against GEICO based on trial evidence that its adjuster failed to thoroughly inspect a vehicle before denying a flood claim). Plaintiffs' evidence creates genuine issues of material fact as to whether Progressive adequately adjusted the claim or arbitrarily and capriciously refused to issue supplemental payments based on their submissions. Accordingly, there is no basis for granting summary judgment on the bad faith claims.

## IV.
### CONCLUSION

For the reasons stated above, the Motion for Partial Summary Judgment [doc. 16] will be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 27th day of July, 2023.

JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**