UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **ETHAN DROUNETTE ET AL** | **CASE NO. 2:21-CV-03853** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **A S I LLOYDS** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the court are Motions for Partial Summary Judgment [docs. 17, 18, 19] filed by defendant Progressive Property Insurance Company ("Progressive") on plaintiffs' claims under Coverage B and C and in relation to Hurricane Delta. Plaintiffs have responded, indicating no opposition. Docs. 23, 24, 25.

### I.
### BACKGROUND

This case arises from damage to plaintiffs' home in Hurricane Laura, which made landfall in Southwest Louisiana on August 27, 2020. At that time the property was insured under a policy issued by Progressive. Plaintiffs allege that Progressive failed to timely or adequately compensate them for their covered losses. They filed suit in this court on November 3, 2021, raising claims of breach of insurance contract and bad faith. Doc. 1. The matter is set for jury trial before the undersigned on September 5, 2023. Doc. 13.

The policy at issue affords coverage under the following limits:

|             | Type            | Limit        |
|-------------|-----------------|--------------|
| **Coverage A** | Dwelling        | $455,000.00  |
| **Coverage B** | Other Structures | $45,500.00   |
| **Coverage C** | Personal Property | $227,500.00 |
| **Coverage D** | Loss of Use     | $91,000.00   |

Doc. 17, att. 3, p. 1.

Plaintiffs reported a loss after Hurricane Laura, on August 31, 2020. Doc. 18, att. 4, p. 51. Progressive's third-party adjuster, Alacrity, prepared a report on September 6, 2020, estimating damages in replacement cost value under Coverage A at $821.03, Coverage B at $10,940.34, and Coverage C at $528.88. Doc. 16, att. 4, pp. 90–97. Progressive issued payment based on those reports within the statutory deadlines. *Id.* at 229–31. It also issued payment within 30 days of plaintiffs' submission of documents supporting supplemental payments for replacement of the fence. *Id.* at 232–34. Plaintiffs did not report a claim related to Hurricane Delta. Doc. 18, att. 4, p. 63.

In August 2021, plaintiffs obtained their own estimate from Charles Norman and Jason Walker, who fixed the damage to the dwelling at $250,503.10 RCV. Doc. 22, att. 6. Plaintiffs provided a copy of the estimate, along with Norman's engineering report, to Progressive on November 3, 2021. Doc. 22, atts. 7 & 8. Since that time plaintiffs have also provided Progressive with a contractor's bid for repairs to the home and estimates for replacement of the windows. Doc. 22, atts. 10, 11, 13, 14.

In response to Progressive's interrogatories, plaintiffs have admitted that the only remaining damages are under Coverages A and D. Doc. 17, att. 6. Plaintiff Ethan Drounette also admitted in his deposition that he and his wife are only asserting claims for damages under Coverages A and D. Doc. 17, att. 4, pp. 93–94. Plaintiff Amanda Drounette testified that she has not noticed any damages from Hurricane Delta, and plaintiffs' retained engineer Charles Norman testified that he relates all damage in his report to Hurricane Laura. Doc. 18, att. 6, p. 30; doc. 18, att. 7, pp. 76–78. Accordingly, Progressive moves for partial summary judgment on the following: (1) dismissal of any claim under Coverage C; (2) the dismissal of any claim based on Hurricane Delta; and (3) the dismissal of any claim based on Coverage B. Docs. 17, 18, 19. Plaintiffs have responded, indicating no opposition to these motions. Docs. 23, 24, 25.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit

"significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## III.
## LAW & APPLICATION

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). Louisiana law provides that an insurance policy is a contract and that its provisions are construed using the general rules of contract interpretation in the Louisiana Civil Code. *Hanover Ins. Co. v. Superior Labor Svcs., Inc.*, 179 F.Supp.3d 656, 675 (E.D. La. 2016). The words of the policy are given their generally prevailing meaning and "interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole." *Coleman v. Sch. Bd. of Richland Par.*, 418 F.3d 511, 516–17 (5th Cir. 2005) (citing La. Civ. Code arts. 2047, 2050). Ambiguities

in the policy must be construed against the insurer and in favor of coverage. *Id.* The court resolves an ambiguity by asking "how a reasonable insurance policy purchaser would construe the clause at the time the insurance contract was entered." *Id.*

Progressive has shown by competent summary judgment that plaintiffs have no claim under the policy or, accordingly, under the bad faith statutes based on Coverage B, Coverage C, or Hurricane Delta. Plaintiffs do not oppose the motions and present nothing to call into question Progressive's evidence. Accordingly, Progressive is entitled to summary judgment on these claims.

## IV.
### CONCLUSION

For the reasons stated above, the Motions for Partial Summary Judgment [docs. 17, 18, 19] will be **GRANTED**.

**THUS DONE AND SIGNED** in Chambers on the 27th day of July, 2023.

JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE